UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHN CARR POWERS,

Plaintiff,

v.

THE CITY OF SEATTLE, *et al.*,

Defendants.

Case No. C06-1727RSL

ORDER DENYING MOTION TO DISMISS AND GRANTING IN PART MOTION TO AMEND

## I. INTRODUCTION

This matter comes before the Court on a Rule 12(b)(6) motion to dismiss for failure to state a claim (Dkt. #20) filed by defendants Seattle Chief of Police Gil Kerlikowske, Director of the Seattle Police Department Office of Professional Accountability Sandra Palica, and Assistant Chief of Police Linda Pierce (collectively, the "moving defendants"). In response, plaintiff filed a motion to file a second amended complaint (Dkt. #26).

For the reasons set forth below, the Court denies the motion to dismiss and grants in part the motion to amend.

## II. DISCUSSION

Plaintiff's amended complaint, filed on January 17, 2007, includes five causes of action: (1) judicial review of the Seattle Public Safety Civil Service Commission's decision sustaining

plaintiff's termination from employment, (2) breach of contract, (3) defamation, (4) failure to pay vacation compensation, and (5) violation of 42 U.S.C. § 1983.

**A. Applicable Standards.**

Leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Court considers four factors in deciding whether to grant leave to amend: "bad faith, undue delay, prejudice to the opposing party, and the futility of amendment."[1] Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994). A proposed amendment is futile if it could be defeated by a motion to dismiss or if plaintiff cannot prevail on the merits. See, e.g., Smith v. Commanding Officer, 555 F.2d 234, 235 (9th Cir. 1977).

A 12(b)(6) motion for failure to state a claim upon which relief can be granted "tests whether the allegations of the Complaint satisfy the requirement of Fed. R. Civ. P. 8(a), which requires a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" Ricotta v. California, 4 F. Supp. 2d 961, 971 (S.D. Cal. 1998). The complaint must give the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957) (explaining that dismissal is warranted when "it appears beyond a doubt that the Plaintiff can prove no set of facts which would entitle him to relief"). The complaint should be liberally construed in favor of the plaintiff and its factual allegations taken as true. See, e.g., Oscar v. Univ. Students Co-Operative Ass'n, 965 F.2d 783, 785 (9th Cir. 1992).

**B. Analysis.**

There is no evidence that the amendments are being sought in bad faith or that they would prejudice defendants. There has not been undue delay. The trial date of April 7, 2008 is a year away.

---

[1] Plaintiff argues that the Court must apply Washington law, which requires a showing of prejudice to deny the proposed amendment. The Court, however, applies federal law to determine if plaintiff should be granted leave to amend under Federal Rule of Civil Procedure 15.

The moving defendants argue that the proposed amendments should be denied as futile. First, plaintiff seeks to add a defamation claim against Chief Kerlikowske. The moving defendants note that plaintiff does not allege that Chief Kerlikowske made any defamatory statements, which is an essential element of a defamation claim. Furthermore, the chief of police and other supervisors are not liable for state law claims based on the acts of their subordinates. See, e.g., Pavish v. Meyers, 129 Wn. 605, 612 (1924) (holding that the Seattle Chief of Police was not liable for the acts of an officer); Harvey v. County of Snohomish, 124 Wn. App. 806, 820 (2004), rev'd in part on other grounds, 157 Wn.2d 33 (2006) (explaining that the doctrine of respondeat superior applies to the employer and that a supervisor "cannot be held personally responsible under a theory of vicarious liability"). Plaintiff, citing Pavish, argues that Chief Kerlikowske may be held liable for acts that he directed or when he personally cooperated in the offense. The proposed second amended complaint does not allege that Chief Kerlikowske directed the making of defamatory statements. Furthermore, even if he failed "to correct the use of false and damaging public statements" as alleged, that does not amount to personally cooperating in the offense, which requires the making of a defamatory statement. Proposed Second Amended Complaint at ¶ 13. Accordingly, plaintiff's request to add a defamation claim against Chief Kerlikowske is denied as futile.

Second, plaintiff seeks to amend his defamation claim against defendants Pierce and Palica. His first amended complaint sought to hold them vicariously liable for allegedly defamatory statements made by others. That claim fails, as set forth above. However, the proposed second amended complaint adds allegations that Pierce and Palica published and made defamatory statements themselves. Proposed Second Amended Complaint at ¶¶ 5, 13. It also alleges that "Jane Doe" defendants made defamatory statements and that Pierce and Palica constitute some of the Jane Does. Id. at ¶ 8. Although the "Jane Doe" allegations are tenuous, the allegations are sufficient to state a claim for defamation at this stage in the proceedings. Accordingly, plaintiff may amend his defamation claims based on Pierce's and Palica's

allegedly defamatory statements.

Third, plaintiff seeks to add a new claim for negligent supervision against the moving defendants. A state law claim for negligent supervision only exists against the *employer*.[2] Plaintiff did not address that argument or provide any authority to support allowing the claim against individuals. The Court therefore denies the proposed amendment as futile.

The moving defendants also argue that plaintiff's Section 1983 claim, set forth in both the amended complaint and proposed second amended complaint, must be dismissed because it "is inherently tied to his defamation claim." Defendants' Reply at p. 9. The Section 1983 claim, however, is based on a different right than the defamation claim. Plaintiff alleges that the moving defendants violated his rights under Cleveland Bd. of Educ. v. Loudermill, 40 U.S. 532, 546 (1985) by depriving him of a name clearing hearing prior to releasing the allegedly defamatory material. Proposed Second Amended Complaint at ¶ 20; see also Board of Regents v. Roth, 408 U.S. 564, 573 (1972) (holding that terminated employees have a constitutionally based liberty interest in clearing their names when stigmatizing information regarding their terminations is disclosed publically). Individual liability exists for Loudermill violations. See, e.g., Cox v. Roskelley, 359 F.3d 1105 (9th Cir. 2004); Los Angeles Police Prot. League v. Gates, 907 F.2d 879 (9th Cir. 1990). The moving defendants argue that there is no vicarious liability, citing Harvey. The Harvey case, however, did not involve a Section 1983 violation. Supervisors may be held liable under Section 1983 for the acts of their subordinates in some cases. See, e.g., Larez v. City of Los Angeles, 946 F.2d 630, 645-46 (9th Cir. 1991). The proposed second amended complaint alleges that Chief Kerlikowske has hiring and firing authority for Seattle police officers, terminated plaintiff's employment, and allowed others to continue making defamatory remarks prior to a name-clearing hearing. Proposed Second

---

[2] See, e.g., Niece v. Elmview Group Home, 131 Wn.2d 39 (1997); Lester v. Town of Winthrop, 87 Wn. App. 17 (1997); Carlsen v. Wackenhut Corp., 73 Wn. App. 247 (1994); Thompson v. Everett Clinic, 71 Wn. App. 548 (1993).

Amended Complaint at ¶¶ 4, 11, 13. It also alleges that Pierce and Palica had some responsibility for the investigation and publicized defamatory statements. Id. at ¶¶ 5, 7, 13, 20. At this stage in the proceedings, the Court cannot conclude that plaintiff can prove no set of facts that would entitle him to relief. Accordingly, the moving defendants' motion to dismiss the Section 1983 claim against them is denied.

**III. CONCLUSION**

For the foregoing reasons, the Court DENIES the moving defendants' motion to dismiss (Dkt. #20) and GRANTS IN PART plaintiff's motion to file a second amended complaint (Dkt. #26). Plaintiff may file a Second Amended Complaint consistent with this order within ten days of the date of this order.

DATED this 16th day of April, 2007.

Robert S. Lasnik
United States District Judge