UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHN CARR POWERS,

            Plaintiff,

      v.

THE CITY OF SEATTLE, *et al.*,

            Defendants.

Case No.  C06-1727RSL

ORDER DENYING MOTION
TO JOIN THIRD PARTIES

## I.  INTRODUCTION

This matter comes before the Court on a motion to join necessary third parties (Dkt. #33) filed by defendants the City of Seattle, Seattle Chief of Police Gil Kerlikowske, Director of the Seattle Police Department Office of Professional Accountability Sandra Palica, and Assistant Chief of Police Linda Pierce (collectively, the "moving defendants").  The moving defendants request that the Court order plaintiff to serve and file an amended complaint joining the Seattle Times Company and "any other press organization(s) that plaintiff alleges published defamatory statements about him, which were allegedly released to the press by the City, as necessary defendants."  Motion at p. 1.  The moving defendants argue that many of the alleged defamatory statements were disseminated by the media, so they must be joined.

For the reasons set forth below, the Court denies the motion.

## II.  DISCUSSION

As an initial matter, the Seattle Times Company ("the Times") has filed a motion for leave to file a memorandum opposing the moving defendants' motion.  The Times' motion is not opposed.  Also, because the Times would be affected directly by the outcome of the pending motion, the Court grants the Times' motion and considers its memorandum in ruling on the moving defendants' motion.

Federal Rule of Civil Procedure 19(a) provides in relevant part:

> A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to substantial risk incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Rule 19(a)(1)'s provision regarding "complete relief" is concerned only with "relief as between those who are already parties, and not as between a party and the absent person whose joinder is sought." Eldredge v. Carpenters 46 N. Cal. Counties Joint Apprenticeship & Training Comm., 662 F.2d 534, 537 (9th Cir. 1981); see also Northrop Corp. v. McDonnell Douglas Corp., 705 F.2d 1030, 1043 (9th Cir. 1983).  The moving defendants have not argued or shown that plaintiff cannot obtain full relief absent joinder of the media.  In fact, as the moving defendants concede, each publication is a *separate* act of defamation.  Accordingly, plaintiff may obtain complete relief from the moving defendants for their alleged actions regardless of whether the media are joined.

Nevertheless, the moving defendants argue that joinder is necessary because plaintiff is seeking to hold them liable for the media's acts.  However, they also note that under Washington law, a negligent defendant cannot be held jointly and severally liable for damages resulting from the intentional conduct of another.  That principle directly undermines the moving defendants' claim that the media are necessary parties.  Furthermore, plaintiff may choose to forego seeking damages against tortfeasors.  That decision does not require joinder.  See, e.g., Temple v.

ORDER DENYING MOTION
TO JOIN THIRD PARTIES- 2

1  <u>Synthes Corp.</u>, 498 U.S. 5, 7 (1990) (explaining that Rule 19 does not require joining joint

2  tortfeasors).  Although inefficiency may result if plaintiff ultimately decides to pursue the media

3  in a separate action, that possibility does not mandate joinder.

4      Rule 19(a)(2) does not apply because the media do not claim any interest relating to the

5  subject of the action.  <u>See, e.g.</u>, <u>Northrop Corp.</u>, 705 F.2d at 1043 (explaining that the subparts

6  of Rule 19(a)(2) "are contingent, however, upon an initial requirement that the absent party

7  claim a legally protected interest relating to the subject matter of the action").  Even if the media

8  claimed such an interest, neither of the subsections is met.  The moving defendants argue that

9  the media's interest in protecting their reputations requires joinder because of the possibility that

10  their publications could be found to be defamatory.  However, the Court will not second-guess

11  the Times' assessment of its own interests.  <u>Id.</u>  Furthermore, the media's legal interests,

12  including their right to defend themselves against any claims by plaintiff, will not be prejudiced

13  by this litigation, which will not have a *res judicata* effect as to them.  There is no evidence that

14  failing to join the media will leave plaintiff or the current defendants subject to inconsistent

15  obligations.

16      Finally, the moving defendants argue that the media are necessary parties to facilitate

17  discovery.  However, the moving defendants may obtain discovery from third parties.  The fact

18  that obtaining the information might be easier if the media are defendants does not require their

19  joinder under Rule 19(a).  Nor is their joinder required based on the fact that the evidence will

20  include numerous media articles and witnesses.

21  ### III.  CONCLUSION

22      For all of the foregoing reasons, the Court GRANTS the Times' motion for leave to file a

28  ORDER DENYING MOTION
TO JOIN THIRD PARTIES- 3

memorandum (Dkt. #36) and DENIES the moving defendants' motion to join necessary third parties (Dkt. #33).

DATED this 16th day of April, 2007.

MMV S Lasnik

Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION
TO JOIN THIRD PARTIES- 4