UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHN CARR POWERS,

    Plaintiff,

    v.

THE CITY OF SEATTLE, *et al.*,

    Defendants.

Case No. C06-1727RSL

ORDER GRANTING MOTION
FOR JUDGMENT ON PLAINTIFF'S
FIRST CAUSE OF ACTION

## I. INTRODUCTION

This matter comes before the Court on a Rule 12(c) motion for judgment on the pleadings filed by defendant the City of Seattle (the "City") (Dkt. #44). The City seeks judgment on plaintiff's first cause of action for judicial review of the Seattle Public Safety Civil Service Commission's decision sustaining plaintiff's termination from employment pursuant to RCW 41.12.090. In the alternative, the City seeks dismissal of the claim pursuant to Rule 12(b)(6).

For the reasons set forth below, the Court grants the City's motion.

## II. DISCUSSION

**A. Applicable Standards.**

A court may enter judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) "when the moving party clearly establishes on the face of the pleadings that no material issue of fact

ORDER GRANTING MOTION FOR JUDGMENT
ON PLAINTIFF'S FIRST CAUSE OF ACTION - 1

remains to be resolved and that it is entitled to judgment as a matter of law." George v. Pacific-CSC Work Furlough, 91 F.3d 1227, 1229 (9th Cir. 1996) (internal citation and quotation omitted). Courts do not consider evidence or issues outside the pleadings. See, e.g., Northwest Laborers-Employers Health & Sec. Trust Fund v. Philip Morris, Inc., 58 F. Supp.2d 1211, 1214 (W.D. Wash. 1999) (explaining that a Rule 12(c) motion "concerns only the pleadings"). As with a 12(b)(6) motion, "[a]ll allegations of fact by the party opposing the motion are accepted as true, and are construed in the light most favorable to that party." Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church, 887 F.2d 228, 230 (9th Cir. 1989) (internal citation omitted). The motion should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

A 12(b)(6) motion for failure to state a claim upon which relief can be granted "tests whether the allegations of the Complaint satisfy the requirement of Fed. R. Civ. P. 8(a), which requires a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" Ricotta v. California, 4 F. Supp. 2d 961, 971 (S.D. Cal. 1998). The complaint must give the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957) (explaining that dismissal is warranted when "it appears beyond a doubt that the Plaintiff can prove no set of facts which would entitle him to relief").

**B.    Analysis.**

RCW 41.12.090,[1] the provision on which plaintiff bases his claim, does not apply to cities and towns that "provide for civil service in the police department by local charter or other regulations which said local charter or other regulations substantially accomplish the purpose of this chapter." RCW 41.12.010. The Washington Supreme Court has opined that the purpose of

---

[1] RCW 41.12.090 provides that "the accused may appeal therefrom to the court of original and unlimited jurisdiction in civil suits of the county wherein he resided."

the statute is to:

> (1) provide for promotion on the basis of merit, (2) give police officers tenure, and (3) provide for a civil service commission to administer the system and to investigate, by public hearing, removals, suspensions, demotions, and discharges by the appointing power to determine whether such action was or was not made for political or religious reasons and whether it was or was not made in good faith for cause.

Reynolds v. Kirkland Police Comm., 62 Wn.2d 720, 725 (1963).

The City established a Public Safety Civil Service Commission by ordinance in 1978. The purpose of the ordinance included providing for a civil service system for police officers in substantial compliance with RCW chapter 41.12. SMC 4.08.020. The City argues that its system substantially accomplishes the purpose of the state civil service law. The system accomplishes all three goals identified in Reynolds. Furthermore, the Washington Supreme Court has held that the system substantially accomplishes the purpose of RCW chapter 41.12, and if a portion does not, a court may sever that part. Seattle Police Officers Guild v. City of Seattle, 151 Wn.2d 823 (2004).

Plaintiff counters that because the City's system does not provide for judicial review, it has failed to meet a requirement of the state civil service law. Therefore, by default, the statutory review requirement still applies. Plaintiff has not identified any authority supporting his position or requiring the City to include a judicial review provision in its civil service laws. The lack of such authority is not surprising because municipalities lack authority to confer jurisdiction upon the superior courts. See, e.g., City of Spokane v. J-R Distribs., Inc., 90 Wn.2d 722 (1978) (explaining that the authority must be conferred by the constitution and state legislature). Instead, judicial review is provided for in these circumstances by the state's statutory writ of review. RCW 7.16.030 *et seq.*; see, e.g., Danielson v. City of Seattle, 108 Wn.2d 788 (1987) (challenging dismissal of police officer by writ). Because the City could not provide for judicial review to the superior courts, its failure to do so does not reflect an infirmity in its civil service law. In addition, the lack of a judicial review provision does not mean that the state statute applies by "default" as plaintiff contends. Rather, because, as set forth above, the

ORDER GRANTING MOTION FOR JUDGMENT
ON PLAINTIFF'S FIRST CAUSE OF ACTION - 3

1 City's system substantially accomplishes the purpose of RCW chapter 41.12, RCW 41.12.090's
2 judicial review provision has "no application." Reynolds, 62 Wn.2d at 727; RCW 41.12.010.
3 Accordingly, the City is entitled to judgment as a matter of law on plaintiff's claim for judicial
4 review under RCW 41.12.090.

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS the City's motion for judgment on plaintiff's first cause of action (Dkt. #44).

DATED this 21st day of May, 2007.

_____
Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION FOR JUDGMENT
ON PLAINTIFF'S FIRST CAUSE OF ACTION - 4