UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHN CARR POWERS,

    Plaintiff,

    v.

THE CITY OF SEATTLE, *et al.*,

    Defendants.

Case No. C06-1727RSL

ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT

## I. INTRODUCTION

This matter comes before the Court on a motion for partial summary judgment (Dkt. #52) filed by defendant the City of Seattle (the "City"). Plaintiff, a former City police officer, was discharged from employment for alleged misconduct. Plaintiff alleges that the discipline violated the terms of a collective bargaining agreement between the City and plaintiff's union. The City moves to dismiss plaintiff's breach of contract claim because, it argues, plaintiff failed to exhaust his contractual remedies and thereby waived the claim.

For the reasons set forth below, the Court grants defendant's motion.

## II. DISCUSSION

**A.    Background Facts.**

During his employment with the Seattle Police Department, plaintiff was a member of the

ORDER GRANTING MOTION FOR
PARTIAL SUMMARY JUDGMENT - 1

Seattle Police Officers Guild (the "Guild" or the "union"). As such, his employment was subject to the terms of the collective bargaining agreement ("CBA") between the Guild and the City. Plaintiff alleges that the City breached the CBA by terminating his employment based on non-criminal acts that occurred more than three years before he was notified of the charges of misconduct. The CBA provides, "No disciplinary action will result from a complaint of misconduct where the complaint is made to the Internal Investigations Section more than three years after the date of the incident which gave rise to the complaint" except in cases of criminal allegations or other circumstances which do not apply in this case. Declaration of Daniel Berger, (Dkt. #53) ("Berger Decl."), Ex. A[1] at § 3.6.G.

Defendant argues that plaintiff waived the claim by failing to file his appeal with the contractually established Disciplinary Review Board ("DRB"), which, defendant alleges, has exclusive jurisdiction over claims that discipline violated the terms of the CBA. Instead, plaintiff pursued his claim through the City's Public Safety Civil Service Commission ("PSCSC" or the "Commission") that undisputedly had no jurisdiction over the claim. The CBA specifies that any "claim of breach or violation of the express terms of this Agreement shall be deemed a grievance." CBA at Appendix § A.1. The CBA includes a mandatory dispute resolution provision for grievances:

> Such a dispute shall be processed in accordance with this Article; provided that discipline in the form of a suspension, demotion, termination or transfer identified by the Employer as disciplinary in nature shall be subject to challenge through the process provided in Section 3.5 above. There shall be no change in the nature of any grievance after it is submitted at step 2 or above. Any disputes involving [PSCSC] Rules or Regulations shall not be subject to this Article unless covered by an express provision of this Agreement.
>
> An employee covered by this Agreement must, upon initiating objections relating to actions subject to appeal through either the contract grievance procedure or pertinent [PSCSC] appeal procedures, use either the grievance procedure contained herein or pertinent procedures regarding such appeals to the [Commission].

Id. Plaintiff's dispute was over a disciplinary action. Therefore, Section 3.5 governs. That

---

[1] Further citations will cite directly to the CBA rather than to the Berger Declaration.

ORDER GRANTING MOTION FOR
PARTIAL SUMMARY JUDGMENT - 2

section provides:

> The DRB shall determine whether the Chief's disciplinary decision was for just cause and in compliance with this Agreement and, if not, what the remedy should be. Any issues related to an alleged violation of the [CBA] must be identified in writing to the Assistant City Attorney assigned the case and the Department's Human Resources Director no later than forty-five (45) days prior to the first day of the DRB.

Id. at § 3.5.G.1.

Plaintiff never moved the PSCSC to dismiss the charges of misconduct that were untimely under the CBA. He did not introduce the CBA as an exhibit. He did not argue that the CBA barred the untimely charges as a matter of law. Instead, he requested that the Commission "apply the rule as an equitable guideline." Berger Decl. at ¶ 7. The Commission concluded, "While the terms of a CBA may be relevant to the Commission's inquiry in a particular case, the Commission does not have the authority to enforce an alleged violation of the CBA." Id., Ex. B at p. 109, ¶ 20. The Commission ruled that the Police Department had just cause to discharge plaintiff.

**B.     Summary Judgment Standard.**

On a motion for summary judgment, the Court must "view the evidence in the light most favorable to the nonmoving party and determine whether there are any genuine issues of material fact." Holley v. Crank, 386 F.3d 1248, 1255 (9th Cir. 2004). All reasonable inferences supported by the evidence are to be drawn in favor of the nonmoving party. See Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002). "[I]f a rational trier of fact might resolve the issues in favor of the nonmoving party, summary judgment must be denied." T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 631 (9th Cir. 1987).

**C.     Analysis.**

This motion does not present issues of fact. Rather, resolution of the City's motion turns on whether plaintiff's exclusive remedy was to pursue his grievance regarding the alleged breach of the CBA through the DRB. Plaintiff alleges that the remedy was not exclusive. To resolve this issue, the Court considers the parties' intentions. "If the intention is clear, courts 'must be

governed by the intention of the parties as expressed in their written instrument.'" Baldwin v. Trailer Inns, Inc., 266 F.3d 1104, 1118 (9th Cir. 2001) (quoting Matter of Hollingsworth's Estate, 88 Wn.2d 322 (1977)).  In this case, the CBA is clear.  Plaintiff argues that the CBA sets forth that an employee may "use either" the CBA's grievance procedure or the procedure for appealing to the Commission.  Plaintiff's Response at p. 3 (emphasis supplied by plaintiff). Although an employee may pursue a claim that his or her discharge was not for just cause in either forum, the employee may pursue a breach of contract claim only with the DRB.  The CBA provides that any dispute concerning an alleged breach of the contract "shall" be deemed a grievance, and that grievances regarding discharges "shall" be subject to the provisions in Section 3.5.  CBA at Appendix § A.1.  Section 3.5 provides that the "DRB shall determine" whether the disciplinary decision was for just cause "and in compliance with this Agreement." Id. at § 3.5.  The CBA contains no directive allowing the Commission to consider breach of contract claims.  In fact, as plaintiff concedes, the municipal ordinance that sets forth the Commission's authority does not permit it to determine violations of collective bargaining agreements.  Seattle Municipal Code § 4.08.070.

Plaintiff argues that "the contract does not state that its terms are the sole and exclusive remedies available to an employee to pursue his grievance."  Plaintiff's Response at p. 3.  The presumption, however, is that "arbitration clauses are presumed to be exclusive."  Minter v. Pierce Transit, 68 Wn. App. 528, 531-32 (1993) (citing Republic Steel Corp. v. Maddox, 379 U.S. 650, 653 (1965)).[2]  An employee's suit is not precluded if the parties to the CBA "expressly agreed that arbitration was not the exclusive remedy."  Id. at 532 (citing Republic Steel Corp., 379 U.S. at 657-58).  In this case, the CBA does not reflect any agreement that arbitration was not the exclusive remedy for claims that a discharge violated the terms of the CBA.  In fact, it

---

[2] The Court in Republic Steel Corp. explained that allowing union members to assert their breach of contract claims without exhausting any agreed to grievance procedures "would deprive employer and union of the ability to establish a uniform and exclusive method for orderly settlement of employee grievances."  Republic Steel Corp., 379 U.S. at 659.

ORDER GRANTING MOTION FOR
PARTIAL SUMMARY JUDGMENT - 4

provides that an aggrieved employee "must" pursue his claim through either the DRB or the Commission, and the DRB is the exclusive forum for breach of contract claims. CBA at § 3.5 and Appendix § A.1. For that reason, the cases plaintiff cites which did not include an exclusive remedy provision are inapposite. See, e.g., Minter, 68 Wn. App. at 533 (providing that a grievance "may" be submitted to arbitration and that a grievance may be pursued in court).

Where, as here, a CBA "establishes grievance and arbitration procedures for the redress of employee grievances, an employee must exhaust those procedures before resorting to judicial remedies." Lew v. Seattle Sch. Dist. No. 1, 47 Wn. App. 575, 577 (1987). Plaintiff never brought his claim before the DRB. Instead, plaintiff chose to pursue his claims in a forum that lacked authority to hear his breach of contract claim. Plaintiff did not exhaust his contractual remedies by bringing his claim in the wrong forum. Plaintiff also obliquely argues that he did not exhaust his contractual remedies because his union declined to pursue the grievance on his behalf. However, an employee can bypass a mandatory arbitration provision only if he or she alleges that "the union acted arbitrarily, discriminatorily, or in bad faith in failing to exhaust the contractual procedures for settling disputes." Lew, 47 Wn. App. at 578. Plaintiff has never raised that allegation, so the Guild's actions or inaction cannot excuse his failure to exhaust. Plaintiff has therefore failed to exhaust his contractual remedies.

In addition to failing to exhaust his claim, plaintiff is precluded from pursuing a claim before the DRB because the CBA clearly states that an employee cannot pursue claims in both forums. CBA at Appendix A §A.1.; see also Dombrosky v. Farmers Ins. Co., 84 Wn. App. 245, 255 (1996) (explaining that a waiver "is the intentional and voluntary relinquishment of a known right, or such conduct as warrants an inference of the relinquishment of such a right"). Plaintiff chose to pursue his claim of breach only in a forum which he knew lacked authority to consider it. He never moved to dismiss that claim or tried to pursue it in the proper forum. Accordingly, plaintiff failed to exhaust his contractual remedies and is barred from pursuing his breach of contract claim.

ORDER GRANTING MOTION FOR
PARTIAL SUMMARY JUDGMENT - 5

## III.  CONCLUSION

For all of the foregoing reasons, the Court GRANTS defendant's motion for partial summary judgment (Dkt. #52) and dismisses plaintiff's claim for breach of contract.

DATED this 21st day of June, 2007.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION FOR
PARTIAL SUMMARY JUDGMENT - 6